# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Thorpe Seeop Corporation | ) ASBCA No. 58961 |
| | ) |
| Under Contract No. W911W6-05-C-0047 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Virgil H. Clark
Vice President

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
DCMA Chief Trial Attorney
Stephen D. Sanders, Esq.
Trial Attorney
Defense Contract Management Agency
Dallas, TX
Douglas R. Jacobson, Esq.
Trial Attorney
Defense Contract Management Agency
Bloomington, MN

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER
## ON APPELLANT'S MOTION PURSUANT TO BOARD RULE 31

Thorpe Seeop Corporation (appellant) moves for entry of a default judgment or for the issuance of a show cause order against the Defense Contract Management Agency (government), pursuant to Board Rule 31, because of the inadequacy of the government's answer and its earlier unjustified extension request.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Appellant filed this appeal on 15 October 2013, based upon the failure of the contracting officer (CO) to issue a final decision on appellant's $579,140.19 certified claim, dated 12 August 2013.

2. Appellant submitted its complaint by letter dated 11 November 2013, which the Board received on 15 November 2013.

3. By Order dated 3 January 2014, the Board noted the answer was overdue and directed the government to file its answer within 21 days of the date of the Order. The government requested, by letter dated 22 January 2014, an extension to file the answer, and indicated that appellant opposed the request. The Board granted the government's

request but noted that further extensions would be granted only for good cause shown. The government's answer, dated 3 February 2014, was received by the Board on 5 February 2014.

4. By email dated 7 February 2014, appellant filed a motion. In its motion, appellant asserts that the government's answer is inadequate and complains that the government responded to many sentences in the complaint with the phrase, "no response is required." The motion concludes:

> **Therefore,** the Appellant moves that if the ASBCA finds that the Defendant's (Government's) answer to Pleading to be inadequate per the terms of Rule 6 and would not constitute justification for an extension of time based upon "no response required" as used 45 times referencing Claims 2 through 5 of Pleading then Appellant moves that Claims 2 through 5 be awarded as stated.

5. By Order dated 11 February 2014, the Board gave the government 30 days from the date of the Order within which to respond to appellant's motion, as well as to a motion appellant filed in a companion appeal, ASBCA No. 58960.

6. By email dated 18 February 2014, the government stated that it understood appellant's two motions to be in the nature of motions for summary judgment. The government requested the opportunity to engage in discovery and proposed a schedule in which it would respond to appellant's motions no later than 21 May 2014 or 30 days from appellant's discovery response.

7. By email dated 19 February 2014, appellant clarified that its motion in this appeal "is made based upon Rule 31. Dismissal or Default for Failure to Prosecute or Defend." The email provides, in pertinent part:

> In that the Government has failed to (per Rule 31) "to file documents required by these Rules," (documents not filed timely) "comply with orders of the Board," (general denial not adequate) and has failed to provide a defense (99 times using the phrase "no response is required["]) the Board may "in the case of a default by the Government, issue an order to show cause why the Board should not act thereon pursuant to Rule 35. If good cause is not shown, the Board may take appropriate action."

2

The Appellant contends that now – not in 90 days – the government must show cause why the government should not be ruled in default.

The Appellant contends that if the government fails to respond within the 30 day time frame as stipulated by the Board then pursuant to Rule 35 the Board may rule that the government is refusing to obey an order issued by the Board and the Board may then make such order as it considers necessary to the just and expeditious conduct of the appeal.

8. By Order dated 20 February 2014, the Board stated that it interpreted appellant's motion, as amended by its 19 February 2014 submittal, to be a Motion for Dismissal or Default for Failure to Prosecute or Defend under Board Rule 31 and stated that it does not require a response from the government.

## DECISION

Board Rule 31 provides as follows:

**Rule 31. Dismissal or Default for Failure to Prosecute or Defend**

Whenever a record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may...in the case of a default by the Government, issue an order to show cause why the Board should not act thereon pursuant to Rule 35. If good cause is not shown, the Board may take appropriate action.

Board Rule 35 provides as follows:

**Rule 35. Sanctions**

If any party fails or refuses to obey an order issued by the Board, the Board may then make such order as it considers necessary to the just and expeditious conduct of the appeal.

3

Appellant contends that the Board should either enter a default judgment against the government or issue the government an order to show cause why such an entry should not be made because the government's answer was untimely, inadequate, and failed to provide a defense (SOF ¶ 7).

The sanction of the entry of a default judgment in favor of appellant is the severest sanction the Board can issue against the government. Such a sanction should be reserved for situations in which contumacious or contemptuous conduct is shown. *See Utility Construction Company,* ASBCA No. 57224, 12-2 BCA ¶ 35,128 at 172,468. The Board has considerable discretion in evaluating a motion for sanctions. *Bruce E. Zoeller,* ASBCA No. 56578, 10-2 BCA ¶ 34,549 at 170,390.

The Board does not agree with appellant's assertion that a show cause order, much less the entry of a default judgment against the government, is appropriate in this instance. While the government's answer was initially tardy, the Board granted one requested extension and the government filed the answer within the time allowed (SOF ¶ 3). Although the government's initial failure to file a timely answer was inappropriate, appellant has not shown that the government's conduct was contumacious or contemptuous. Further, the Board has reviewed the government's answer and does not find it to be inadequate.

Appellant's motion is denied.

Dated: 27 February 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58961, Appeal of Thorpe Seeop Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals